William A. Kershaw (State Bar No. 057486)
Stuart C. Talley (State Bar No. 180374)
Lyle W. Cook (State Bar No. 148914)
**KERSHAW, CUTTER & RATINOFF, LLP**
401 Watt Avenue
Sacramento, California  95864
Telephone: (916) 448-9800
Facsimile: (916) 669-4499
*Attorneys for Plaintiffs*

Jonathan Auerbach
Jerome M. Marcus
Steven G. Tyson
**MARCUS & AUERBACH LLC**
101 Greenwood Avenue, Ste. 310
Jenkintown, PA 19046
Telephone: (215) 885-2250
Facsimile: (888) 875-0469
*Attorneys for Plaintiff, pro hac vice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA FAFARD, Individually and on behalf of all others similarly situated,<br><br>                       Plaintiff,<br><br>  vs.<br><br>APPLE INC.; BEST BUY CO., INC.; and INCOMM HOLDINGS, INC.,<br><br>                 Defendants. | Case No.: 4:12-CV-05125-CW<br><br>**NOTICE OF UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR (1) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; (2) CONDITIONAL CLASS CERTIFICATION (3) APPROVAL OF CLASS NOTICE, CLAIM FORM AND DISSEMINATION OF CLASS NOTICE; AND (4) SETTING A HEARING FOR FINAL APPROVAL OF THE SETTLEMENT**<br><br>Date:  April 3, 2014<br>Time:  2:00 p.m.<br>Courtroom 2<br><br>The Honorable Claudia Wilken |

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

# **TABLE OF CONTENTS**

Page(s)

I.   PRELIMINARY STATEMENT ................................................................................2

II.  STATEMENT OF THE CASE ...............................................................................3

    A.  Allegations In The Complaint ...................................................................3

    B.  Defendants Deny The Allegations OF Plaintiff's Complaint ......................4

    C.  Proceedings To Date ..................................................................................4

III. THE SETTLEMENT .............................................................................................5

    A.  The Settlement Class .................................................................................5

    B.  The Settlement Relief ...............................................................................5

    C.  Settlement Administrator ..........................................................................6

    D.  Class Notice ..............................................................................................7

    E.  Class Action Fairness Act Notice .............................................................8

    F.  Scope of Release .......................................................................................8

    G.  Opportunity to Opt Out and Object ..........................................................9

    H.  Termination of Settlement ........................................................................9

    I.  Class Representative's Application for Incentive Award ...........................9

    J.  Class Counsel's Application for Attorney's Fees, Costs, and Expenses ....................9

IV.  LEGAL ANALYSIS ...........................................................................................10

    A.  The Preliminary Approval Standard ........................................................10

    B.  The Proposed Class Satisfies The Requirements Of Rule 23 ...................10

V.  PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPRORIATE ...............16

    A.  The Settlement Is A Product of Arm's Length Negotiations Between Experienced Counsel ...............................................................................18

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

**TABLE OF CONTENTS, Cont.**

Page(s)

B.   The Settlement Is Fundamentally Fair, Reasonable, and Adequate ..........................20

C.   The Parties Face Substantial Risks In Continuing Litigation ...................................20

VI.   THE FORM OF NOTICE AND MEANS OF DISSEMINATION SHOULD BE APPROVED ..................................................................................................................21

VII.   PROPOSED SCHEDULE OF EVENTS ........................................................................23

VIII. A STAY OF ALL FURTHER LITIGATION IS WARRANTED WHILE THE SETTLEMENT IS PENDING ........................................................................................24

IX.   CONCLUSION.............................................................................................................26

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

1

2

# **TABLE OF AUTHORITIES**

3

### **FEDERAL CASES**

4

Page(s)

5

*Acosta v. Equifax Info. Servs*. LLC,
  243 F.R.D. 377 (C.D. Cal. 2007)...................................................................... 12

6

7

*Amchem Products, Inc. v. Windsor*,
  521 U.S. 591 (1997) ...................................................................................... *passim*

8

9

*Ball v. Petrol Transp., Inc.*, No. CV-F-04-5370-AWI-LJO,
  2006 U.S. Dist. LEXIS 35959, at *2 (E.D. Cal. June 2, 2006)............................. 17

10

11

*Bell v. American Title Ins. Co.*,
  226 Cal. App. 3d 1589 (1991)............................................................................. 25

12

13

*Brown v. TicorTitle  Ins.*,
  982 F.2d  386 (9th Cir. 1992)............................................................................... 14

14

15

*Chemical Mfrs. Ass'n v. EPA*,
  919 F.2d 158 (D.C. Cir. 1990)............................................................................. 25

16

*Churchill Vill, LLC, v.Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004) ............................................................................... 22

17

18

*Class Plaintiffs v. City of Seattle*,
  955 F.2d, 1268 (9th Cir. 1992)............................................................................. 16

19

20

*Create-A-Card, Inc. v. Intuit, Inc.*,
  2009 U.S. Dist. LEXIS 93989, 14 (N.D. Cal. 2009)........................................... 19,20

21

22

*Culinary/Bartender Trust Fund, supra*,
  244 F.3d at 1163 ................................................................................................. 16

23

24

*EEOC v. Kovacevich "5" Farms*,
  2007 U.S. Dist. LEXIS 32330 at *57 (E.D. Cal. April 18, 2007)........................ 12

25

*Glass v. UBS Fin. Servs..*,
  2007 U.S. Dist. LEXIS 8476, at *13 (N.D. Cal. Jan. 26, 2007)............................ 20

26

27

*Hadden v. Standard Supply & Hardware Co.*,
  1997 U.S. Dist. LEXIS 10566, at *3 (E.D. La. July 17, 1997)............................. 25

28

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

**TABLE OF AUTHORITIES, Cont.**

Page(s)

*Hanlon v. Chrysler Corp.*
  150 F.3d 1011 (9th Cir. 1998) ........................................................... *passim*

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ................................................................ 14

*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, MDL Docket No. 901,
  1992 U.S. Dist. LEXIS 14337, at *8 (C.D.Cal. June 10, 1992) ............................................. 19

*In re M.L. Stern Overtime Litig.*, No. 07-CV-0118-BTM (JMA),
  2009 U.S. Dist. LEXIS 31650, at *9 (S.D. Cal. April 13, 2009) ............................................ 17

*In re Portal Software Sec. Litig.*, No. C-03-5138 VRW,
  2007 U.S. Dist. LEXIS 51794, at *14-*15 (N.D. Cal. June 30, 2007) ................................. 17

*In re Vitamins Antitrust Litig. Animal Science Prods., Inc.*,
  2001 U.S. Dist. LEXIS 25071, at * 22 (D.D.C. July 25, 2001) ........................................ 25

*In re Xoma Corp. Sec. Litig.*, No. C-91-2252 TEH,
  1992 U.S. Dist. LEXIS 10502, at *9 ................................................................... 17,18

*James v. Bellotti*,
  733 F.2d 989, 994 (1st Cir. 1984) ........................................................... 26

*Jordan v.County of Los Angeles*,
  669 F.2d 1311, 1320 n.10 (9th Cir. 1982) .................................................... 12

*Lagarde v. Support.com, Inc.*,
  2013 U.S. Dist. LEXIS 42725, 30 (N.D. Cal. 2013) ......................................... 20

*Local Joint Executive Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands*,
  244 F.3d 1152 (9th Cir. 2001) ................................................................ 15

*Mendoza v. Tucson Sch. Dist. No. 1*,
  623 F.2d 1338, 1352 (9th Cir. 1980)........................................................ 22

*Shames v. Hertz Corp.*,
  2012 U.S. Dist. LEXIS 158577, (S.D. Cal. 2012) ........................................ 18,19,20

*Standard Microsys. Corp. v. Texas Instrs., Inc.*,
  916 F.2d 58, 60 (2d Cir. 1990) ............................................................. 26

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

## TABLE OF AUTHORITIES, Cont.

Page(s)

*United States v. International Brotherhood of Teamsters,*
907 F.2d 277, 281 (2d Cir. 1990)......................................................... 26

*Util. Reform Project v. Bonneville Power Admin.,*
869 F.2d 437, 443 (9th Cir. 1989)........................................................ 16

*Van Bronkhorst v. Safeco Corp.*
529 F.2d 943, 950 (9th Cir. 1976)........................................................ 16

*West v. Circle K Stores, Inc.,*
2006 U.S. Dist. LEXIS 42074, at *11 (E.D. Cal. June 13, 2006)..................... 12

*Williams v. Costco Wholesale Corp.,*
2010 U.S. Dist. LEXIS 67731, at *9-*10 (S.D. Cal. July 7, 2010)..................... 20

*Young v. Polo Retail,* No. C-02-4546 VRW,
2006 U.S. Dist. LEXIS 81077, at *13 (N.D. Cal. Oct. 25, 2006)..................... 10

*Zinzer v. Accufix Research Inst., Inc.,*
253 F.3d 1180, 1189 (9th Cir. 2001)..................................................... 15

## STATUTES

Federal Rules of Civil Procedure
Rule 23................................................................................... *passim*

## MISCELLANEOUS

Manual for Complex Litigation, Fourth............................................... *passim*

2 Newberg on Class Actions,
§ 1.25 ................................................................................18

3 Newberg on Class Actions,
§ 8.39 ................................................................................25

4 Newberg on Class Actions,
§ 11.22 ...............................................................................11
§ 11.25 ...............................................................................10,19
§ 11.41 ...............................................................................17

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff BARBARA FAFARD ("Plaintiff"), on April 3, 2014 at 2:00 p.m., or as soon thereafter as it may be considered, in Courtroom 2 of the above entitled Court, located at 1301 Clay St., Oakland, California, 94612, will and does hereby move pursuant to Rule 23 of the Federal Rules of Civil Procedure for an Order Granting Preliminary Approval of Class Action Settlement, Conditional Class Certification, Approval of Class Notice, and Dissemination of Class Notice, and Setting a Hearing for Final Approval of the Settlement.   Plaintiff's motion is based on the following Memorandum in Support of the Motion, Declaration of Jonathan Auerbach filed herewith, the Stipulation of Settlement, Proposed Class Notice and Declaration of William A. Kershaw filed herewith, all other papers filed and proceedings had in this action, and such other matters as the Court may consider.

Dated: February 25, 2014             MARCUS & AUERBACH LLC


                                     */s/ Jonathan Auerbach*
                                     JONATHAN AUERBACH
                                     JEROME M. MARCUS
                                     STEVEN G. TYSON
                                     *Attorneys  for Plaintiffs, pro hac vice*


                                     KERSHAW, CUTTER & RATINOFF, LLP


                                     */s/ William A. Kershaw*
                                     WILLIAM A. KERSHAW
                                     STUART C. TALLEY
                                     *Attorneys for Plaintiffs*

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.   PRELIMINARY STATEMENT

In this putative class action, Plaintiff Barbara Fafard ("Plaintiff") asserts several common law and statutory claims against Defendants Interactive Communications International, Inc. (initially identified by Plaintiff as InComm Holdings, Inc.) ("InComm"), Apple Inc. ("Apple") and Best Buy Co., Inc. ("Best Buy") (collectively, "Defendants") asserting several common law and statutory claims.  Plaintiff specifically alleged that certain iTunes Gift Cards purchased from Best Buy retail stores between September 2007 and December 2009 were deactivated before cardholders redeemed the face value of their cards through their iTunes accounts.  All of the gift cards that were deactivated have now been reactivated, and the entire Settlement Class will be made whole through the settlement the parties are proposing.

Since this action was filed, the Parties, represented by experienced, capable counsel on both sides of the table, have vigorously disputed the merits of the opposing Parties' contentions, engaging in informal discovery before submitting substantive position statements in connection with two mediation sessions before the Hon. Ronald Sabraw (Ret.).  The Parties also engaged in numerous telephone conferences, meetings, and written communications regarding the claims at issue in the litigation, including several informal consultations with Judge Sabraw.  Through this adversarial process, the Parties believe that they are fully apprised of the relative strengths and weaknesses of each other's claims and defenses and the potential risk to each party in pursuing further litigation.

After many months of settlement negotiations by counsel for all parties, the Parties have reached a settlement that resolves the claims of all holders of deactivated iTunes gift cards that were purchased at Best Buy stores during the period September 1, 2007 through December 31, 2009.  Although Defendants deny all liability and believe they have good defenses to the claims asserted against them, the Stipulation of Settlement, filed herewith, provides for complete relief for all members of the proposed Class.

Pursuant to Federal Rules of Civil Procedure 23(e) ("Rule 23(e)"), Plaintiff now moves the Court for preliminary approval of the settlement with Defendants Apple, Incomm, and Best Buy. Pursuant to the terms of the Stipulation of Settlement and Release ("Stipulation of Settlement" or "Settlement"), attached as Exhibit 2 to the Declaration of Jonathan Auerbach, Esquire, the Parties now jointly request that this Court:

1. Certify a class for settlement purposes only;

2. Appoint William A. Kershaw and Stuart C. Talley of Kershaw Cutter & Ratinoff LLP and Jonathan Auerbach, Jerome Marcus and Steven Tyson of, Marcus & Auerbach LLC as Class Counsel;

3. Appoint Plaintiff as the Class Representative;

4. Approve the proposed plan for providing Notice to the Class;

5. Approve the proposed preliminary schedule for providing notice to the class and for class members to submit requests for exclusion or objections to the proposed settlement.

## II. STATEMENT OF THE CASE

### A. Allegations In The Complaint.

In her Complaint, Plaintiff alleges that she received two iTunes gift cards from her daughter in 2009, which had been purchased from a Best Buy retail store. Compl. ¶ 20-21. In January 2012, Plaintiff attempted to redeem the two iTunes gift cards with the iTunes store, but was informed that the cards had been cancelled. *Id.* ¶ 23. Plaintiff further alleges that Defendants cancelled numerous iTunes gift cards which had not been redeemed with the iTunes store and without providing a refund to the purchaser or cardholder. *Id.* ¶ 29.

Plaintiff asserts six claims: (1) breach of contract (only against Apple and Best Buy); (2) breach of the implied covenant of good faith and fair dealing (only against Apple and Best Buy); (3) unjust enrichment; (4) conversion; (5) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; and (6) violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Bus. & Prof. Code § 1750 *et seq.* Plaintiff seeks restitution,

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

1  compensatory damages, and attorney's fees.

2  **B.    Defendants Deny The Allegations Of Plaintiff's Complaint.**

3      Defendants deny the allegations of Plaintiff's Complaint and they deny that they

4  committed any wrongful act or violated any law or duty, and further deny that Plaintiff, or the

5  class that she seeks to represent, is entitled to any form of relief based on any alleged conduct.

6  Defendants claim to have meritorious defenses to all claims alleged in the Action, and that they

7  are prepared to defend the Action. The Stipulation of Settlement, and all related documents, are

8  not meant to be construed as any admission or concession by Defendants of any fault, liability,

9  wrongdoing or damage whatsoever.  Defendants assert that preliminary certification of the

10  Settlement Class should not be deemed a concession by them that certification of a litigation class

11  is appropriate, or that they would be precluded from challenging class certification in further

12  proceedings in the Action or in any other action if the Stipulation of Settlement is not finalized or

13  finally approved.

14  **C.    Proceedings To Date**

15      Plaintiff filed the Complaint on October 3, 2012.  See Dkt. 1.  The Parties stipulated to an

16  extension of time for Defendants to answer, move, or otherwise respond to Plaintiff's Complaint

17  on December 21, 2012 so that the Parties could engage in a mediation session in late February

18  2013.  See Dkt. 17.  The Court entered an order on January 3, 2013 extending the Defendants'

19  deadline for responding to the Complaint subject to the outcome of the mediation.  See Dkt. 20.

20  A mediation session was originally scheduled before Judge Sabraw on March 7, 2013, but was

21  continued so that counsel for Plaintiff could meet with InComm's Chief Executive Officer, in-

22  house attorneys, and outside counsel on March 7, 2013.  The mediation was rescheduled for May

23  21, 2013, and counsel for the Parties participated in a day-long mediation session before Judge

24  Sabraw.  The Parties reached an informal settlement agreement after that mediation, subject to

25  confirmatory discovery.  The Parties continued to discuss settlement throughout the summer of

26  2013.  On August 20, 2013, Plaintiff's counsel met with Apple's counsel in Philadelphia and

engaged in further negotiations.  A second mediation session was scheduled before Judge

Sabraw on October 17, 2013.  After this mediation, the Parties were able to agree to the general

terms of the Settlement, and the Parties executed a Memorandum of Understanding setting forth

the material terms of the settlement. The complete terms of the Settlement are set forth in the

attached Stipulation, which was executed on February 25, 2014.

**III.     THE SETTLEMENT**

    **A.     The Settlement Class**

The "Class" means

> all U.S. residents who currently have iTunes gift cards that were: (i)
> purchased from Best Buy stores between September 1, 2007 and
> December 31, 2009; (ii) deactivated between August 1 and October 31,
> 2010; and (iii) not redeemed by the cardholder.

Based upon the informal discovery done in this action, the total number of deactivated

iTunes gift cards was 287,218. Defendants possess no information that permits direct

identification of the individual gift card holder for the majority of affected gift cards, and are

thus unable to ascertain the precise number of individuals holding deactivated cards.

The Class can be subdivided into three categories:

- Holders of Credited Gift Cards: individuals who notified Defendants that they held a
  Deactivated Card (approximately 31 individuals holding approximately 122 cards);

- Holders of Identified Gift Cards: holders of Deactivated Gift Cards whom Defendants
  have been able to identify  (approximately 8,000 individuals);

- Holders of Deactivated Gift Cards (the remaining class members, whom Defendants
  cannot directly identify).

    **B.     The Settlement Relief**

Under the Settlement, Defendants agree to provide relief to Class Members in one of four

ways:

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

- 5 -

(1) Holders of Credited Gift Cards have already received replacement iTunes gift cards;

(2) Holders of Identified Gift Cards will have their iTunes accounts credited with the full face value of the Identified Gift Card;

(3) All remaining Deactivated Cards have been reactivated, and Holders of Deactivated Cards may now redeem the Deactivated Card by transferring its full face value to an iTunes account;

(4) Individuals holding a qualified, valid receipt reflecting the purchase of a Deactivated Gift Card from a Best Buy retail store during the period between September 1, 2007 and December 31, 2009, but who cannot locate the original PIN of the deactivated iTunes gift card, will be provided a replacement PIN after the receipt has been subjected to a verification and fraud review process.  The Stipulation of Settlement provides full recovery to every single class member because Defendants have agreed to reactivate every card at issue, and to leave them activated permanently (or until their face value is redeemed through an iTunes account).  In fact, as of the filing of this Motion, all of the cards have already been reactivated.  This proposed resolution is not a "claims made" settlement.  No claim form need be completed for Holders of Identified Cards or of Holders of Deactivated Cards.  Individuals who may no longer hold a card may obtain relief by providing a receipt for the purchase of an iTunes gift card.

## C.    Settlement Administrator

The Parties jointly request that the Court appoint Kurtzman Carson Consultants LLC ("Settlement Administrator"), a third-party claims administrator, as the Settlement Administrator to facilitate the administration of all claims in this matter.  The Settlement Administrator's responsibility will include, but not be limited to, (i) preparing and overseeing publication of Class Notice; (ii) creating and maintaining the Settlement Website and Toll-Free Number through which information about the Settlement and copies of the Agreement can be obtained; (iii) receiving Requests for Exclusion from the Class and compiling records relating to those Requests for Exclusion; (iv) receiving Objections to the Settlement from Class Members and compiling

records related to those Objections; and (v) any other tasks reasonably required to effectuate the foregoing.  See Stipulation of Settlement § 9.1.

The cost of the Settlement Administration and Class Notice is expected to be in excess of $300,000.  The Stipulation of Settlement provides that Defendants will be responsible for the costs of administration and notice.  Stipulation of Settlement §4.1(h).

### D.      Class Notice

The Stipulation of Settlement provides that notice of the Settlement will be provided to Class Members in two ways.  Stipulation of Settlement § 9.2.  The details of the publication program are set forth in Exhibit B to the Stipulation (the "Notice Plan").  Notice will be provided to those Class Members who are Holders of Deactivated Gift Cards through an extensive publication program, a website, and a toll-free number.  The proposed form of notice for publication is attached as Exhibit A to the Stipulation of Settlement ("Publication Notice").  Publication Notice will refer Holders of Deactivated Gift Cards to a website and will also provide a toll-free number, each of which will provide additional information regarding the Settlement, including a copy of the Stipulation of Settlement.  The website and the toll-free number are described in Sections 9.2.3 and 9.2.4 of the Stipulation of Settlement.

Holders of Identified Gift Cards will receive notice via e-mail sent by the Settlement Administrator within 15 days after the entry of the Preliminary Approval Order.  *Id.* § 9.2.2.  The proposed form of notice to holders of Identified Gift Cards is attached as Exhibit A to the Stipulation.

The Notice Plan was developed by Kurtzman Carlson Consulting LLC ("KCC"), a claims administration firm with extensive experience and expertise in designing notice plans for class actions.  (Kershaw Dec. at Ex. 2.)  In summary, the Notice Plan calls for the Class Notice to be published in at least the following magazines and newspaper supplements: *People* magazine and *Parade* magazine.  KCC and the parties are continuing to refine the Notice Plan and will more fully described that Plan to the Court during the hearing on final approval.  Based on current

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

discussions it is the parties belief that the cost of the various forms of Notice (publication, email and Internet website) presently agreed upon will be in excess of $300,000.

**E.     Class Action Fairness Act Notice**

Defendants will ensure that, within ten (10) days after the filing of the Preliminary Approval Order, they will cause to be served (through the Settlement Administrator if they elect to do so) upon the appropriate State official in each State of the United States, and the appropriate Federal official, a notice of the proposed settlement consisting the materials required by 28 U.S.C. § 1715 of the Class Action Fairness Act.  Stipulation of Settlement § 4.2.

**F.     Scope of Release**

The Parties desire and seek Court approval of the settlement and a final judgment and order dismissing with prejudice the claims of Plaintiff and the Class Members as set forth in the Stipulation of Settlement and Release.

The scope of release by all Class Members (other than those who exclude themselves from the Settlement) covers actions, cause of action, accounts, agreements, claims, contracts, controversies, covenants, damages, debts, demands, dues, judgments, liabilities, liens, promises, suits and sums of money, whether known or unknown, existing or that may exist under the laws of California or any other state or territory of the U.S. or under federal law, including, without limitation, statutory, equitable, constitutional, contractual or common law claims for damages, unpaid costs, penalties, liquidated damages, statutory damages, nominal damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief that were or could have been alleged or asserted by Plaintiff or any Class Member against any Defendant, relating to the Class Members' purchase of and ability to redeem Deactivated Gift Cards which exist, hereafter may exist or might have existed (whether or not previously or currently asserted in any action).  See Stipulation of Settlement, §§ 1.30, 12.  The release covers all known and unknown claims, and includes a waiver of California Civil Code Section 1542.

### G.     Opportunity to Opt Out and Object

Under the terms of the proposed Stipulation of Settlement, Class Members will have the right to request an exclusion from the Settlement or object to its terms.  See Stipulation of Settlement, §§ 10.1, 10.2, 11.1, 11.2.  Requests for exclusion must be received by the Settlement Administrator no later than thirty (30) days following the publication of the Class Notice.  Class members will be informed of these rights through the Publication of the Class Notice, the Class Notice via Email, the Settlement Website, and the Toll-Free Number.  See Stipulation of Settlement § 9.2.1, 9.2.2, 9.2.3, 9.2.4.

### H.     Termination of Settlement

If 10,000 or more Class Members opt out of the Settlement by timely submitting a Request for Exclusion, then at the Defendants' sole discretion, the Settlement shall be rendered null and void.  Stipulation of Settlement § 10.5.  In that event, the Parties will be relieved of any obligation under this Agreement or the Settlement <u>other than Defendants' obligation to bear those costs of settlement administration incurred prior to the time Defendants exercise their right to void the settlement</u>. *Id.*

### I.     Class Representative's Application for Incentive Award

Plaintiff will apply to the Court for an incentive award of $5,000 for her service as Class Representative in this action, and Defendants have agreed not to oppose that application.  See Stipulation of Settlement § 8.  Any incentive award approved by the Court will be paid by Defendants.  *Id.*

### J.     Class Counsel's Application for Attorney's Fees, Costs, and Expenses.

Class Counsel shall move the Court for an award of attorney's fees and expenses ("Motion for Fees") not to exceed $750,000.  Stipulation of Settlement § 7.2.  Any award of fees and expenses approved by the Court shall be paid by Defendants.  Defendants shall not oppose any Motion for Fees so long as the total amounts requested by Class Counsel do not exceed $750,000.  Court approval of Class Counsel's attorney's fees and expenses is not a condition of the settlement.  Stipulation of Settlement § 7.5.

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.   LEGAL ANALYSIS

### A. The Preliminary Approval Standard

Rule 23(e) requires court approval for settlement of class claims.  The  approval  of  a class action settlement is a three-step process.  The first step is preliminary determination of whether the proposed settlement is within the range of possible approval.  *See Manual for Complex Litigation* (4th 2004) § 21.632 (the "Manual").  The purpose of the Court's preliminary evaluation of the proposed Settlement is to determine whether it is within the "range of reasonableness," and whether class notice setting forth the terms and conditions of the settlement, and the scheduling of a formal fairness hearing, are warranted.  *See* 4 Herbert B. Newberg,  Newberg on Class Actions, § 11.25 (1992).

If a court finds a settlement proposal "within the range of possible approval," it then proceeds to the next step and directs that "notice be given to the class members of a formal fairness hearing."  *Young v. Polo Retail*, No. C-02-4546 VRW, 2006 U.S. Dist. LEXIS 81077, at *13 (N.D. Cal. Oct. 25, 2006) (quoting *Schwartz v. Dallas Cowboys Football Club, Ltd.*, 157 F. Supp. 2d 561, 570 n.12 (E.D. Pa. 2001) (internal quotations omitted)).

In the third or final step, a hearing is held to determine whether the proposed  settlement is fair, adequate, and reasonable to the Settlement Class as a whole, and consistent with the public interest.  *Id.*  This protects the Settlement Class Members' procedural due  process rights and enables the Court to fulfill its role as the guardian of the Settlement Class's interests.  The decision to approve or reject a proposed settlement is committed to the Court's sound discretion.  *See*, *e.g.*, *Hanlon v. Chrysler Corp.* 150 F.3d 1011, 1026 (9th Cir. 1998).

This Motion for Preliminary Approval is submitted in support of the first and second steps of the settlement approval process.

### B.   The Proposed Class Satisfies The Requirements Of Rule 23.

Before granting preliminary approval of a settlement, the Court must determine that the proposed class can be certified for settlement purposes.  *See* Manual § 21.632; *Amchem Prods. Inc. v. Windor*, 521 U.S. 591, 620 (1997).  Plaintiff requests that the Court provisionally

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

certify the proposed Settlement Class, for purposes of settlement only[1], pursuant to Fed. R. Civ. P. 23 ("Rule 23").  Rule 23 governs the issue of class certification, whether the proposed class is a litigated class or, as here, a settlement class.  All criteria for certification of a class for litigation purposes, except manageability, apply to certification for settlement purposes.

Provisional class certification is appropriate at the preliminary approval stage where, as here, the proposed Settlement Class as defined in the Stipulation of Settlement has not been previously certified by the Court, and the requirements for certification are met.  *See* 4 Newberg § 11.22.  The practical purpose of provisional class certification is to facilitate dissemination to all members of the Settlement Class notice of the terms of the proposed Settlement, and the date and time of the final approval hearing.  *See* Manual, § 21.63.

A court may grant conditional approval of a class action where, as here, the proposed Class satisfies the four prerequisites of Rule 23(a) as well as one of the three subsections of Rule 23(b).  *Amchem Prods., Inc.*, 521 U.S. at 614.

Rule 23(a) requires that the Court find that:

(1)     the class is so numerous that joinder of all members is impracticable,

(2)     there are questions of law or fact common to the class,

(3)     the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4)     the representative parties will fairly and adequately protect the interests of the class.

Each of these requirements is satisfied here.

Here, the class is being certified pursuant to Rule 23(b)(3).  Certification of a class action under Rule 23(b)(3) requires a showing that "questions of law and fact common to the

---

[1]     As the certification sought is for settlement purposes only, the parties have agreed that if the settlement is not finally approved by the Court, any preliminary and/or final order certifying the Settlement Class and any preliminary and/or final findings regarding class certification shall be automatically null and void and vacated.  Auerbach Dec. at Ex. 2, Stipulation of Settlement ¶6.1.

members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).  These two requirements are also satisfied.

### 1.    The Members of the Settlement Class Are Sufficiently Numerous

The proposed Class consists of the holders of 287,218 iTunes gift cards, of whom at least 8,000 individuals have been specifically identified by the Defendants as of the date of the submission of this motion.  Auerbach Decl., ¶ 8.  Classes with fewer than 70 members have been certified in numerous cases.  *See Jordan v. County of Los Angeles*, 669 F.2d 1311, 1320 n.10 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982).  "Courts have routinely found the numerosity requirement satisfied when the class comprises 40 or more members."  *EEOC v. Kovacevich "5" Farms*, 2007 U.S. Dist. LEXIS 32330 at *57 (E.D. Cal. April 18, 2007).  As such, the proposed class meets the first prerequisite of Rule 23 for settlement purposes.

### 2.    The Settlement Class Satisfies The Commonality Requirement

The second prerequisite to class certification is the existence of questions of law or fact that are common to the class.  Fed. R. Civ. P. 23(a)(2).  Because "[t]he Ninth Circuit construes commonality liberally, it is not necessary that all questions of law and fact be common."  *West v. Circle K Stores, Inc.*, 2006 U.S. Dist. LEXIS 42074, at *11 (E.D. Cal. June 13, 2006), *citing Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). So long as the same alleged conduct of defendant would "form[] the basis of each of the plaintiff's claims," *Acosta v. Equifax Info. Servs*. LLC, 243 F.R.D. 377, 384 (C.D. Cal. 2007), class relief based on commonality is appropriate.

In this case, Plaintiff contends that all potential Class Members were injured in precisely the same way: they held an iTunes gift card that was deactivated before being redeemed.  The alleged damage is the same as to all Class Members, and Class Members all

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

seek the same remedy based upon the deactivation. The liability claims would be subject to common proof applicable to all iTunes gift cards here at issue, and the set of all such cards and their holders objectively define the class. Under these circumstances, the commonality requirement is satisfied for purposes of certifying a settlement class. *See Hanlon*, 150 F.3d at 1019-20.

### 3.   The Settlement Class Satisfies The <u>Typicality Requirement</u>

The third prerequisite to class certification is that the named plaintiff's claims are typical of the class. Fed. R. Civ. P. 23(a)(3). Typicality requires that named plaintiffs have claims "reasonably coextensive with those of absent class members," but their claims do not have to be "substantially identical." *Hanlon*, 150 F.3d at 1020. The test for typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citations omitted).

Typicality is satisfied here. Plaintiff's claims regarding the deactivated iTunes gift cards are reasonably co-extensive with the claims of other Class Members. Plaintiff and absent class members have allegedly suffered the same economic injury as a result of Defendants' actions. Further, the injury is not based on conduct unique to Plaintiff.

### 4.   Named Plaintiff and Named Plaintiff's Counsel Are Adequate.

The final requirement of Rule 23(a) is that the representative plaintiff will fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(a)(4). Adequacy of representation requires the Court to consider two questions: (1) whether named plaintiff and her counsel have "any conflicts of interest with other class members," and (2) whether the named plaintiff and her counsel will "prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020.

The first inquiry considers a number of factors, including "the qualifications

of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." *Brown v. TicorTitle Ins*., 982 F.2d 386, 390 (9th Cir. 1992). The examination of potential conflicts of interest in settlement agreements is "especially critical when a class settlement is tendered along with a motion for class certification." *Hanlon*, 150 F.3d at 1020.

Plaintiff's counsel have extensive experience litigating consumer class actions in federal and state courts throughout the country. (*See* Auerbach Dec. filed herewith at Ex. 1, describing experience of plaintiffs' counsel; Kershaw Dec. filed herewith at ¶ 6 and Ex. 1.) Plaintiff and her counsel have no conflicts of interest with absent class members. Before agreeing to the proposed settlement, Plaintiff's counsel carefully assessed the strengths and vulnerabilities of the claims, as well as the practical obstacles Plaintiff – and a Class if certified for litigation purposes – might face in obtaining and sustaining an eventual judgment.

Plaintiff and Class Counsel have provided adequate representation for absent class members. (Auerbach Dec. at Ex. 1 and Kershaw Dec. at ¶ 6 and Ex. 1.)

### 5.     The Settlement Class Satisfies the Requirements of Rule 23(b)(3)

The parties seek certification under Rule 23(b)(3), under which a Class may be certified if the Court finds that the "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Certification pursuant to the Rule "is appropriate 'whenever the actual interests of the parties can be served best by settling their differences in a single action." *Hanlon*, 150 F.3d at 1022 (citation omitted).

### a. Predominance

Because Rule 23(a)(3) already considers commonality, the focus of the Rule

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

23(b)(3) predominance inquiry is on the relationship between individual and common issues. *Hanlon*, 150 F.3d at 1022. A primary consideration is whether judicial economy will be served through the adjudication of common issues. *Zinzer v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022 (citation omitted). Thus, the question posed by the predominance inquiry is "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Local Joint Executive Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands*, 244 F.3d 1152, 1162 (9th Cir. 2001) (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997)).

Here, "[a] common nucleus of facts and potential legal remedies dominates this litigation." *Hanlon*, 150 F.3d at 1022. The issue critical to each class member's claims – the common proof that the cardholder was in possession of a deactivated gift card – predominates over individual issues. This issue is the significant and overriding aspect of the case and there is "clear justification" for resolving this dispute on a class, rather than individual, basis. *Hanlon*, 150 F.3d at 1022.

### b. Superiority

In addition to the predominance requirement, Rule 23(b)(3) provides a non-exhaustive list of factors to inform the court's determination that the class action device is superior to other methods of adjudication:

> (A)    the interest of members of the class in individually controlling the prosecution or defense of separate action;
>
> (B)    the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
>
> (C)    the desirability or undesirability of concentrating the litigation of

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

the claims in the particular forum; and

(D)   the difficulties likely to be encountered in the management of a class action.

Some of the factors, namely (D) and perhaps (C), are irrelevant if the parties have agreed to certification for settlement purposes. *See Amchem Products, Inc., supra*, 521 U.S. at 620. Given the relatively small amount at issue, on an individual basis, it is also unlikely that Class Members have a significant interest in controlling the prosecution of their individual claims. Since this case involves multiple claims for relatively small sums, a class action is superior to alternative methods for adjudicating the parties' claims. *See Culinary/Bartender Trust Fund, supra*, 244 F.3d at 1163 ("if plaintiffs cannot proceed as a class, some – perhaps most – will be unable to proceed as individuals because of the disparity between their litigation costs and what they hope to recover.").

## V.   PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE

The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost and rigors of formal litigation. *See* 4 Newberg § 11.41, at pp. 87-88 (and cases cited therein); *Class Plaintiffs v. City of Seattle*, 955 F.2d, 1268, 1276 (9th Cir. 1992); *Van Bronkhorst v. Safeco Corp.* 529 F.2d 943, 950 (9th Cir. 1976); *see also Util. Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989). The Manual for Complex Litigation, Fourth, characterizes the preliminary approval inquiry as a court's "initial assessment" of the fairness of the proposed settlement, made on the basis of written submissions and informal presentation from the settling parties, and summarizes the preliminary approval criteria as follows:

> If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval, the court should direct that notice . . . be given to the Class Members of a formal Fairness Hearing, at which arguments and evidence may be presented in support of and in

opposition to the settlement.

Manual § 30.41; *see also* 2 Newberg, § 1.25

The Court "need not review the settlement in detail at this juncture." *See*, *e.g.*, *In re M.L. Stern Overtime Litig.*, No. 07-CV-0118-BTM (JMA), 2009 U.S. Dist. LEXIS 31650, at *9 (S.D. Cal. April 13, 2009). Rather, the court must only find that the Settlement falls within the range of possible final approval, also described as "the range of reasonableness." *See*, *e.g.*, *In re Portal Software Sec. Litig.*, No. C-03-5138 VRW, 2007 U.S. Dist. LEXIS 51794, at *14-*15 (N.D. Cal. June 30, 2007) (indicating that the court determines whether a settlement should be preliminarily approved by analyzing whether the proposed settlement falls within the range of reasonableness) (quoting *Schwartz*, 157 F. Supp. 2d at 570 n.12 (internal quotations omitted)); *Ball v. Petrol Transp., Inc.*, No. CV-F-04-5370-AWI-LJO, 2006 U.S. Dist. LEXIS 35959, at *2 (E.D. Cal. June 2, 2006) (finding that the settlement was within a range of reasonableness of a settlement that could be finally approved by the court); *see also* 4 Newberg § 11.25.

In making this determination, the Court should give "proper deference to the private consensual decision of the parties," since "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). Indeed, as "a settlement is the offspring of compromise," the question upon preliminary approval "is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Id.* Accordingly, particularly when experienced counsel familiar with the litigation have reached settlement, a court should not second guess the parties, or substitute its judgment for that of the proponents of the settlement. *See*, *e.g.*, *In re Xoma Corp. Sec. Litig.*, No. C-91-2252 TEH, 1992 U.S. Dist. LEXIS 10502, at *9 (N.D. Cal. July 14, 1992)

(holding that courts should be hesitant to substitute its judgment for that of experienced counsel who recommend the settlement).

Here, the proposed Settlement falls well within the range of possible approval, sufficient to support grant of preliminary approval and the issuance of notice. Several factors bolster this conclusion: the settlement was the product of arm's-length negotiations between the Parties; the Parties were represented by experienced counsel; and the Parties were fully aware of the risks of proceeding with the litigation. There is nothing in the course of the negotiations or the substance of the Settlement that "disclose[s] grounds to doubt its fairness." Manual, § 30.41. Further, the Settlement is fair, reasonable, and adequate in that it automatically offers complete relief to all Class Members. Plaintiff's decision to submit the proposed Settlement for Court approval reflects her consideration of the very real benefits conferred on the Settlement Class by the proposed Settlement weighed against the very real risks of continued litigation.

A.     **The Settlement Is A Product of Arm's-Length Negotiations Between Experienced Counsel.**

The parties, represented by experienced counsel, negotiated the proposed Settlement in good faith and at arm's-length during many in-person and telephonic negotiating sessions. Indeed the Parties on several occasions flew across the United States to conduct face-to-face discussions and negotiations. (Auerbach Dec. at ¶¶ 10-12.)  The extensive investigation into Plaintiff's allegations and the Parties' informal exchange of information regarding Plaintiff's claims and the identification of potential class members has allowed the Parties' counsel to assess the strengths and weaknesses of the claims against Defendants and the benefits of the proposed Settlement under the circumstances of this case.  (Auerbach Dec. at ¶¶ 10-12.).

Further, the Parties participated in two formal in-person mediation sessions and additional follow-on discussions before the Judge Sabraw.  In *Shames v. Hertz.* 2012 U.S. Dist. LEXIS 158577, 51-52 (S.D. Cal. 2012), the Southern District held that the involvement

of Judge Sabraw, specifically, as mediator indicated that the settlement was not a product of collusion: "The Court is very satisfied that the settlement process did not involve collusion. The Court partly bases its conclusion on Judge Sabraw's participation, the sheer number of mediation sessions, and Judge Sabraw's first-hand description of the process." *Id*. *See also Sandoval v. Tharaldson Emp. Mgmt., Inc.*, No. EDCV 08-482-VAP (OPx), 2010 WL 2486346, at *6 (C.D. Cal. June 15, 2010) ("[t]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive").

Further, all parties were represented by experienced class action counsel in this action. (Auerbach Dec. at Ex. 1; Kershaw Dec. at ¶ 6, Ex. 1.) Given that experience and expertise, Class Counsel is well qualified to assess the prospects of the case and to negotiate a favorable resolution for the class. Similarly, Defendants' attorneys have extensive class action experience and have litigated numerous consumer class actions across the nation in both state and federal courts. The opinion of experienced counsel supporting the settlement is entitled to considerable weight. *In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, MDL Docket No. 901, 1992 U.S. Dist. LEXIS 14337, at *8 (C.D.Cal. June 10, 1992) (finding belief of counsel that the proposed settlement represented the most beneficial result for the class to be a compelling). The Ninth Circuit favors deference to the "private consensual decision of the [settling] parties," particularly where the parties are represented by experienced counsel and negotiation has been facilitated by a neutral party-in this instance, an experienced independent mediator. See Rodriguez v. West Publishing Corp., 563 F.3d 948, 965 (9th Cir.2009).

In short, there can be no suggestion that this Settlement was reached by means other than arm's-length bargaining between experience counsel. "Courts recognize that arm's-length negotiations conducted by competent counsel are prima facie evidence of fair settlements." *Create-A-Card, Inc. v. Intuit, Inc.,* 2009 U.S. Dist. LEXIS 93989, 14 (N.D. Cal. 2009) (highlighting the fact that initial settlement negotiations in the case were followed

by mediation with the guidance of experienced mediator Honorable Edward A. Infante (Ret.)); *see also Lagarde v. Support.com, Inc.,* 2013 U.S. Dist. LEXIS 42725, 30 (N.D. Cal. 2013) ("although the parties reached resolution of their dispute relatively quickly, the parties did so through the use of an experienced neutral mediator, thus favoring a finding of non-collusion.").

**B.      The Settlement Is Fundamentally Fair, Reasonable, and Adequate.**

The Settlement here is fair, reasonable and adequate as it necessarily satisfies the "within the range of possible approval" standard for preliminary approval.  The Settlement ensures that all Class Members are made whole and also ensures that Class Members, who may no longer be in possession of the deactivated iTunes gift card itself, can also obtain relief.

That full relief is available to Class Members demonstrates that the settlement is fair, reasonable, and adequate.  Indeed, "settlement amounts that are close to the plaintiffs' estimate of damages provide strong support for approval of the settlement." *Shames v. Hertz Corp.*, 2012 U.S. Dist. LEXIS 158577, (S.D. Cal. 2012) (citation omitted).  District courts have found that settlements for substantially less than the plaintiffs' claimed damages may be fair and reasonable, especially when taking into account the uncertainties involved with litigation. *See, e.g., Williams v. Costco Wholesale Corp.*, 2010 U.S. Dist. LEXIS 67731, at *9-*10 (S.D. Cal. July 7, 2010) (finding settlement amount constituting approximately 75.6% of the plaintiffs' claimed losses from unpaid overtime pay to be adequate); *Glass v. UBS Fin. Servs.*., 2007 U.S. Dist. LEXIS 8476, at *13 (N.D. Cal. Jan. 26, 2007) (finding settlement of wage and hour class action for 25% to 35% of the claimed damages to be reasonable).  Because the Settlement  provides full compensation to all  Class  Members, it falls within the range of reasonableness.

**C.      The Parties Face Substantial Risks In Continuing Litigation.**

While  Plaintiff  is  confident  she  has  a  strong  case  on  behalf  of  the  Class,  there  is

nonetheless considerable litigation risk.  Plaintiff has identified significant burdens that she would bear in the event that the Settlement is not approved.  These challenges include difficulties in ascertaining the identities of class members, and challenges in asserting common law and California statutory claims on behalf of a nationwide class.  These significant risks make the global class settlement obtained by Plaintiff all the more beneficial to the Class Members while providing finality and repose to Defendants.

## VI.   THE FORM OF NOTICE AND MEANS OF DISSEMINATION SHOULD BE APPROVED

"The Court must direct notice in a reasonable manner to all class members who would be bound by the proposal."  Fed. R. Civ. Proc. 23(e).  Rule 23(e) requires that notice of a proposed settlement inform class members of the following: (1) the nature of the pending litigation; (2) the general terms of the proposed settlement; (3) that complete information is available from the court files; and, (4) that any class member may appear and be heard at the fairness hearing.  4 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 8.32 at 262-68 (4th ed. 2002).  The notice must also indicate an opportunity to opt out, that the judgment will bind all class members who do not opt out, and that any member who does not opt out may appear through counsel.  Fed. R. Civ. P. 23(c)(2).

Subsection (c)(2)(B) of Rule 23 further provides that "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested Parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Here, the proposed notice to the Class should also be approved, since it clearly sets forth the controversy between the parties and the terms of the proposed Settlement, as well

1  as the ways that Class Members may participate, object or exclude themselves.  *See*
2  *Churchill Vill, LLC, v.Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) ("Notice is satisfactory
3  if it 'generally describes the terms of the settlement in sufficient detail to alert those
4  with adverse viewpoints to investigate and to come forward and be heard." (*quoting*
5  *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)).
6           Specifically, the form of the proposed notice complies substantially with the
7  format endorsed by the Federal Judicial Center.  (*See* www.fjc.gov.)  The proposed notice
8  provides:
9
10              (1) information on the meaning and nature of the proposed Settlement
11              Class; (2) the terms and provisions of the Settlement; (3) the relief the
                Settlement will provide Settlement Class members including a description
12              of each specific benefit available to the Class; (4) the amount requested
                by Class Counsel for reimbursement of costs, attorneys' fees and
13              for the Representative Plaintiffs' incentive award from the Settlement
                Fund; (5) the date, time and place of the final Settlement approval
14              hearing, and (6) the procedure and deadlines for submitting claim
                forms, exclusion requests, and comments and/or objections.
15
16          The notice must also satisfy the requirement of neutrality in class notices.  *See,* 3
17  Newberg § 8.39.  It summarizes the proceedings to date and the terms and conditions of the
18  Settlement, in an informative and coherent manner, in compliance with the Manual's
19  statement that the notice should state essential terms "concisely and clearly ...in plain, easily
20  understood language."  *See,* Manual, § 21.31.  Here, the notice clearly states that the
21  Settlement does not constitute an admission of liability by Defendants and recognizes that the
22  Court has not ruled on the merits of the action. It also states that the final settlement approval
23  decision has yet to be made.  Accordingly, the notice complies with the standards of clarity,
24  fairness, completeness, and objectivity required of a settlement class notice disseminated
25  under authority of the Court.  *See* Fed. R. Civ. P. 23(c)(2); 23(e); 3 Newberg, §§ 8.21, 8.39;
26  Manual, §§ 21.311, 21.312.
27          Notice by publication is appropriate where insufficient information exists to identify
28  class members or where the notice would sufficiently advise potential class members of their

rights under the settlement. *See Gallucci v. Boiron, Inc.*, 2012 WL 5359485, *7 (S.D.Cal. October 31, 2012) (finding that notice by publication was "reasonable and appropriate" and "fully satisfied all notice requirements under the law" given that defendant "does not collect or maintain information sufficient to identify Class Members."). *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 2012 WL 253298, *3 (N.D.Cal. January 26, 2012) (denying defendant's motion to decertify class, rejecting defendant's argument that notice to class members would be impossible since notice by publication would be sufficient to alert consumers who own LCD products that they might be members of the proposed classes); *Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 261 (S.D.Cal. September 20, 1988) (noting "the Supreme Court does not require actual notice for all members of a class in every class action. With so many potential class members here, other forms of notice, such as notice by mail, publication, and radio and television broadcast, could be the 'best practicable' under the circumstances."); *Hunt v. Check Recovery Systems, Inc.*, 2007 WL 2220972, *3 (N.D.Cal. August 01, 2007) ("Delivery by first-class mail can satisfy the best notice practicable when there is ***no indication*** that any of the class members cannot be identified through reasonable efforts.") (emphasis added).

The proposed notice plan consists of a combination of notice published in national publications, notice conveyed via email, and notice conveyed through Internet resources.  This Notice Plan will maximize the likelihood that affected persons will see it.  This procedure is necessary because no Defendant maintains records identifying the cards' holders.  That is so in part because purchasers of the cards cannot be identified from Best Buy's records, and in part because the cards are often given as gifts, and so the ultimate recipient – and hence the present holder – is unknown to any of the parties to this litigation.  The proposed notice satisfies due process requirements.

VII.   **PROPOSED SCHEDULE OF EVENTS**

The last step in the settlement approval process is the final approval hearing, at which

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

the Court may hear all evidence and argument necessary to evaluate the proposed Settlement. At that hearing, proponents of the Settlement should explain and describe its terms and conditions and offer argument in support of Settlement approval, and members of the Settlement Class, or their counsel, may be heard in support of or in opposition to the Settlement. Class Counsel recommends that the hearing be held at the earliest practicable date following notice to the Class.

The proposed schedule of events leading up to the final approval hearing assuming the Court grants preliminary approval on DATE, would be as follows:

- DATE            April 3, 2014  Hearing on Preliminary Approval;

- DATE + 1       March 7, 2014 State Officials Sent Notice of Proposed Settlement;

- DATE + 15     April 18, 2014 Class Notice of Proposed Settlement sent to Holders of Identified Cards;

- DATE + 15     April 18, 2014 Publication of the Class Notice Will Have Occurred

- DATE + 29     May 2, 2014    Defendants, through the Settlement Administrator, File Certification of the Class Notice;

- DATE + 46     May 19, 2014 Date by which Opt-Outs and Objections must be postmarked;

- DATE + 54     May 27, 2014 Claims Administrator to provide Opt-Out list and copies of Exclusion Requests to Court and Parties;

- DATE + 50     May 29, 2014 Parties File Responses to Objections and Motion for Final Approval; Plaintiffs File Application for Attorneys' Fees and Costs

- DATE + 70     June 12, 2014 Hearing on Final Approval and Plaintiff's Application for Attorneys' and Costs

## VIII.   A STAY OF ALL FURTHER LITIGATION IS WARRANTED WHILE THE SETTLEMENT IS PENDING

Unlike typical two-party litigation, class actions cannot be settled overnight. Because

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

of the time required for class notice, opt-outs, and other procedural steps, it normally takes several months before a class action settlement is finally approved and can become effective. If class action litigants were forced to continue trial preparations during the lengthy approval process, a substantial portion of the benefits of a settlement (the conservation of judicial resources) would be lost. Thus, "courts **routinely stay** discovery pending settlement and pursuant to the parties' agreement." *In re Vitamins Antitrust Litig. Animal Science Prods., Inc.*, 2001 U.S. Dist. LEXIS 25071, at * 22 (D.D.C. July 25, 2001) (emphasis added); *id.* (a "provision mandating a suspension of discovery and a stay of formal proceedings against the settling Defendant is reasonable"); *see also, e.g.*, *Chemical Mfrs. Ass'n v. EPA*, 919 F.2d 158, 161 (D.C. Cir. 1990); *Hadden v. Standard Supply & Hardware Co*., 1997 U.S. Dist. LEXIS 10566, at *3 (E.D. La. July 17, 1997) (stay of proceedings "pending settlement discussions"). Accordingly, the parties proposed order contains a provision staying proceedings in this case other than those directly related to further consideration of the proposed Settlement. The Court should be advised that Putative Class Counsel is unaware of any litigation involving the subject matter of this litigation pending in any other Court in the United States.

For similar reasons, the Court should also issue an order enjoining Settlement Class Members from commencing, prosecuting, or participating (as a named plaintiff or an absent class member) in the commencement or prosecution of any other action, suit, proceeding, claim, or cause of action, in any jurisdiction or court against any Defendant relating to or arising out of the subject matter of this action. Such a provision is appropriate in orders preliminarily approving a proposed class action settlement and is in keeping with the "strong public policy in favor of settlement of class actions." *Bell v. American Title Ins. Co.*, 226 Cal. App. 3d 1589, 1607 (1991) (quoting with approval *Real Estate Title and Settlement Svcs.*, 1986-1 Trade Cases ¶ 67,149, 62,929, *aff'd*, 815 F.2d 695 (3d Cir. 1987), and *Cotton*, 559 F.2d at 1331 ("Particularly in class action suits, there is an overriding public

interest in favor of settlements.")); *see also, e.g.*, *James v. Bellotti*, 733 F.2d 989, 994 (1st Cir. 1984) (existence of provisional settlement justifies stay of other actions); *Standard Microsys. Corp. v. Texas Instrs., Inc.*, 916 F.2d 58, 60 (2d Cir. 1990) (stay of other court proceedings is appropriate where one court "is on the verge of settling a complex matter, and [other] court proceedings undermine its ability to achieve that objective"); *United States v. International Brotherhood of Teamsters*, 907 F.2d 277, 281 (2d Cir. 1990).  If other litigation were to proceed, it would jeopardize this Court's ability to rule on the proposed Settlement, would substantially increase the cost of litigation, would create the risk of conflicting results, would waste judicial resources, and could prevent the Plaintiffs and Settlement Class Members from benefiting from any negotiated settlement at all. Therefore, the parties would request as part of the Preliminary Approval Order an order enjoining other litigations which would interfere with this Court's consideration or disposition of the case and impair this Court's flexibility and authority to decide the matter.

## IX. CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully requests that this Court grant preliminary approval to the proposed Settlement, provisionally certify the Settlement Class, approve the proposed form of Class Notice and Claim Form, and schedule the final approval hearing.

Dated: February 25, 2014                      MARCUS & AUERBACH LLC

*/s/ Jonathan Auerbach*
JONATHAN AUERBACH
JEROME M. MARCUS
STEVEN G. TYSON
*Attorneys for Plaintiffs, pro hac vice*

KERSHAW, CUTTER & RATINOFF, LLP

*/s/ William A. Kershaw*
WILLIAM A. KERSHAW
STUART C. TALLEY
*Attorneys for Plaintiffs*

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT