```
 1  William A. Kershaw, State Bar No. 057486
    Stuart C. Talley, State Bar No. 180374
 2  KERSHAW, CUTTER & RATINOFF LLP
    401 Watt Avenue
 3  Sacramento, California 95864
    Telephone: (916) 448-9800
 4  Facsimile: (916) 669-4499
 5
    Jonathan Auerbach
 6  Jerome M. Marcus
    Steven G. Tyson, Of Counsel
 7  MARCUS & AUERBACH LLC
    101 Greenwood Avenue, Suite 310
 8  Jenkintown, PA 19046
    Telephone: (215) 885-2250
 9  Facsimile: (215) 875-0469
10
11  Attorneys for Plaintiff and the Class
```

(see above)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA FAFARD, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC., BEST BUY CO., INC.; and INCOMM HOLDINGS, INC.,<br><br>Defendants.. | Case No. 12-cv-5125-CW<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT AGREEMENT, CERTIFYING SETTLEMENT CLASS, APPOINTING SETTLEMENT CLASS COUNSEL, SETTING HEARING ON FINAL APPROVAL OF SETTLEMENT, AND DIRECTING NOTICE TO THE CLASS**<br><br>Date: April 3, 2014<br>Time: 2:00 p.m.<br>Courtroom 2 - 4th Floor<br><br>The Honorable Claudia Wilken |

Plaintiffs moved this Court for an Order preliminarily approving their settlement, certifying a settlement class, appointing settlement class counsel, setting a hearing on the final approval of the settlement, and directing notice to the class (the "Motion"). A hearing on Plaintiff's Motion was held on April 3, 2014. Defendants do not oppose Plaintiff's request for an

order preliminarily approving the parties' settlement. Upon considering the Motion, the parties' Stipulation of Settlement and all exhibits thereto (collectively, the "Settlement Agreement" or "Settlement"), the materials previously submitted in this case, the arguments of counsel, and other materials relevant to this matter, it is hereby **ORDERED** that:

1. The terms of the Settlement Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of the Notice according to the Notice Plan.[1] This determination is not a final finding that the Settlement Agreement is fair, reasonable, and adequate, but instead is a determination that there is reasonable cause to submit the proposed Settlement Agreement to Settlement Class Members and to hold a hearing concerning final approval of the proposed settlement, and ultimately approve the settlement.

2. The Parties have made a sufficient showing, under the provisions of Rule 23 of the Federal Rules of Civil Procedure, as applicable in the context of settlement classes, to establish reasonable cause, following Notice to members of the proposed Settlement Class, to hold a hearing to determine if a Class should be certified for settlement purposes only, consisting of persons who meet the following criteria:

> All residents in the United States who currently have iTunes gift cards that were: (i) purchased from Best Buy stores between September 1, 2007 and December 31, 2009; (ii) deactivated between August 1 and October 31, 2010; and (iii) not redeemed by the cardholder.

> Excluded from the Settlement Class are: Persons who validly and timely exclude themselves from the Settlement Class; Persons who have settled with and released Defendants from individual claims substantially similar to those alleged in this matter; and the officers, directors and employees of any entity which is or has been a Defendant, members of the immediate families of the foregoing, and their legal representatives, heirs, successors and assigns; the officers, directors and employees of any Defendant, or parent, subsidiary or affiliate of any of the Defendants or any business entity in which any of the Defendants owns a controlling interest, together with those individuals' immediate family members, as well as counsel for Defendants and their immediate family members.

If, for any reason, the proposed settlement is not approved, any order certifying a settlement class shall be vacated *nunc pro tunc* and the Litigation shall proceed as though the Settlement Class had

---

[1] To the extent capitalized terms are not defined in this Order, they shall have the meaning set forth in the Settlement Agreement.

never been certified, without prejudice to the Parties' rights to either request or oppose class certification for purposes of litigation.

3. In making the findings set forth in Paragraph 2, the Court has exercised its discretion in conditionally certifying the Settlement Class on a nationwide basis. Named Plaintiff Barbara Fafard is designated as the Class Representative.

4. The Court hereby appoints the following attorneys as counsel for the Settlement Class: Marcus & Auerbach LLC and Kershaw Cutter & Ratinoff LLP (collectively, "Class Counsel"). For purposes of these settlement proceedings, the Court finds that Marcus & Auerbach LLC and Kershaw Cutter & Ratinoff LLP are competent and capable of exercising their responsibility as Class Counsel.

5. This Court has both subject matter jurisdiction and personal jurisdiction as to this action and all Parties before it.

6. The Settlement Agreement is for settlement purposes only. Neither the fact of, any provision contained in, nor any action taken under the Settlement Agreement shall be construed as an admission of the validity of any claim or any factual allegation that was or could have been made by Plaintiffs and Settlement Class Members in the Action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendant or the Released Persons. The Settlement Agreement shall not be offered or be admissible in evidence by or against Defendant or the Released Persons or cited or referred to in any other action or proceeding, except one (1) brought by or against the Parties to enforce or otherwise implement the terms of the Settlement Agreement, (2) involving any Plaintiff or Settlement Class Member to support a defense of res judicata, collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or similar defense, or (3) involving an attempt to enforce a stay of other litigation pursuant to the terms set forth in the Settlement Agreement and the Court's Order preliminarily approving the Settlement Agreement.

7. The Notice and provisions for disseminating those materials substantially as described in and attached to the Settlement Agreement are hereby approved. These materials (a) provide the best practicable notice, (b) are reasonably calculated, under the circumstances, to

apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and of their right to appear, object to, or exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and (d) fully comply with federal law, the United States Constitution, and any other applicable law. Kurtzman Carson Consultants LLC ("KCC"), the Settlement Administrator, shall be responsible for providing notice of the proposed settlement to the Settlement Class Members in accordance with the provisions of the Settlement Agreement and the following schedule:

- April 18, 2014 Class Notice of Proposed Settlement sent to Holders of Identified Cards;
- April 18, 2014 Internet Publication of the Class Notice of Proposed Settlement to commence;
- April 28, 2014 Plaintiffs file Application for Attorneys' Fees and Costs;
- May 2, 2014 Defendants, through the Settlement Administrator, file Certification of the Class Notice;
- May 19, 2014 Date by which Requests for Exclusion and Objections must be postmarked;
- May 27, 2014 Settlement Administrator to provide Request for Exclusion list and copies of Objections to Court and Parties;
- May 29, 2014 Parties file Responses to Objections and Motion for Final Approval;
- June 12, 2014 Hearing on Final Approval and Plaintiff's Application for Attorneys' and Costs.

8. Anyone who wishes to be excluded from the Settlement Class must submit by May 19, 2014, a written Request for Exclusion (as described in the Notice) by sending it to the Settlement Administrator at Fafard v. Apple Settlement, PO Box 43256, Providence, RI 02940-3256 by first-class U.S. mail. Requests for Exclusion must contain all information described in the Settlement Agreement (Paragraph 10.2). The envelope containing the Request for Exclusion

1 must be postmarked on or before May 19, 2014, which shall be set forth in the Notice, and which shall be thirty (30) days after the commencement of Notice pursuant to the Settlement Agreement.

9. Anyone who falls within the Settlement Class definition and does not submit a Request for Exclusion in complete accordance with the deadlines and other specifications set forth in this Order and the Settlement Agreement shall become a Settlement Class Member and shall be bound by all proceedings, orders, and judgments of this Court pertaining to the Settlement Class.

10. Any Settlement Class Member who wishes to object to the proposed Settlement must send or file an Objection with this Court. Objections must contain all information described in the Settlement Agreement and the Notice. The envelope containing the Objection to the Settlement must be postmarked on or before May 19, 2014, which shall be set forth in the Notice, and which shall be thirty (30) days after commencement of Notice pursuant to the Settlement Agreement. The Clerk shall place such objections on the Court's ECF system, including a copy of the envelope with the postmark visible. Only Settlement Class Members may object to the Settlement.

11. Any Settlement Class Member who does not submit an Objection to the Settlement in complete accordance with this Order and the applicable provisions of the Settlement Agreement shall not be permitted to object to the settlement.

12. Any objecting Settlement Class Member may appear at the hearing on the fairness of the proposed settlement (the "Fairness Hearing") held by the Court, in person or by counsel, to show cause why the Settlement Agreement should not be approved as fair, reasonable and adequate, or to object to any petitions for attorney fees and reimbursement of litigation costs and expenses; provided, however, that the objecting Settlement Class Member must include with the Objection to the Settlement filed with the Clerk a statement of his/her intention to appear at the Fairness Hearing on or before May 19, 2014. If the objector intends to have a lawyer make an appearance on his/her behalf at the Fairness Hearing, the objector must identify the name, address and telephone number of any such lawyer who will speak on the Objecting Class Member's behalf, if any. Any Settlement Class Member who does not indicate his/her intention to appear at the Fairness Hearing on his/her filed Objection to the Settlement, in complete accordance with the

deadlines and other specifications set forth in the Settlement Agreement, and who has not filed an Objection to the Settlement in complete accordance with the deadlines and other specifications set forth in the Settlement Agreement, will be barred from speaking or otherwise presenting any views at any Fairness Hearing.

13. The Settlement Administrator shall also have the obligations enumerated in the Settlement Agreement.

14. Class Counsel shall file with the Court their petition for payment of attorney fees and reimbursement of litigation costs and expenses no later than April 28, 2014, twenty-one (21) days prior to the expiration of the deadline for submitting Requests for Exclusion from, and Objections to, the Settlement.

15. Any memoranda or other materials replying to an Objection to the Settlement shall be filed with the Clerk of this Court and served no later than May 29, 2014, ten (10) days after the expiration of the deadline for submitting Requests for Exclusion from, and Objections to, the Settlement. Any such reply may, but need not, be combined with a Motion for Final Approval of the Settlement, which shall also be filed with the Clerk of this Court and served by May 29, 2014, no later than ten (10) days after the expiration of the deadline for submitting Requests for Exclusion from, and Objections to, the Settlement. Such memoranda and other briefing shall be served on the counsel for the parties, on any other attorneys who have entered an appearance in this proceeding in accordance with Paragraph 12 of this Order, and on any member of the Settlement Class to whose Objection to the Settlement the memoranda or other briefing responds.

17. On June 12, 2014, twenty-five (25) days after expiration of the deadline for Objections and/or Requests for Exclusion from the Settlement as approved by the Court and set forth in the Notice, the Court will hold the Fairness Hearing. It shall be held in Courtroom 2 of the United States District Courthouse, 4th Floor, 1301 Clay Street, Oakland, California 94612 at a time and place to be set forth in the Notice. The Fairness Hearing may be continued or rescheduled by the Court with notice to Class Counsel and Defense Counsel and to any objecting Settlement Class Member who has indicated his/her intention to appear in accordance with Paragraph 12 of this Order. At the Fairness Hearing, or as soon thereafter as practicable, the

1 Court will determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court. At the Fairness Hearing, the Court will also consider the amount of attorney's fees and expenses that should be awarded to Class Counsel. If appropriate, the Court will issue a Final Order and Judgment memorializing its decision, in the form contemplated by the Settlement Agreement.

18. Class Counsel and Defense Counsel are authorized to establish other means necessary to effectuate the terms of the Settlement Agreement.

IT IS SO ORDERED.

Dated: _____ April 17, 2014

Claudia Wilken, C.J.
United States District Judge

Case No. 12-CV-5125-CW                -7-

ORDER GRANTING PRELIMINARY APPROVAL