William A. Kershaw (State Bar No. 057486)
Stuart C. Talley (State Bar No. 180374)
Lyle W. Cook (State Bar No. 148914)
**KERSHAW, CUTTER, & RATINOFF LLP**
401 Watt Avenue
Sacramento, CA 95864
Telephone: (916) 448-9800
Facsimile:  (916) 669-4499

*Attorneys for Plaintiff*

Jonathan Auerbach
Jerome M. Marcus
Steven G. Tyson
**MARCUS & AUERBACH LLC**
101 Greenwood Avenue, Ste. 310
Jenkintown, PA 19046
Telephone:  (215) 885-2250
Facsimile:  (888) 875-0469

*Attorneys for Plaintiff, pro hac vice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA FAFARD, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC.; BEST BUY CO., INC.; and INCOMM HOLDINGS, INC.,<br><br>Defendant. | Case No. 4:12-CV-05125-CW<br><br>**[PROPOSED]** ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES, AND INCENTIVE AWARDS<br><br>Date: June 12, 2014<br>Time: 2:00 p.m.<br><br>Courtroom 2, 4th Floor<br>The Honorable Claudia Wilken |

On June 12, 2014 at 10:00 a.m., the Court heard Plaintiff's unopposed Motion for Final Approval of Class Action Settlement, Award of Attorneys' Fees, Reimbursement of Costs and Service Award for Representative Plaintiff. The motion for final approval was preceded by a motion for preliminary approval, which was submitted to the Court for review and approval on April 3, 2014, with preliminary approval having been granted by order dated April 17, 2014 (Docket No. 52).

After considering Plaintiff's Motion for Final Approval, the Settlement Agreement, the record and proceedings herein, the Court finds, concludes, and hereby orders as follows:

1. For the purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement, previously filed with this Court on April 3, 2014[1] This includes the following definition of the Settlement Class:

> All residents in the United States who currently have iTunes gift cards that were: (i) purchased from Best Buy stores between September 1, 2007 and December 31, 2009; (ii) deactivated between August 1 and October 31, 2010; and (iii) not redeemed by the cardholder.
>
> Excluded from the Settlement Class are: Persons who validly and timely exclude themselves from the Settlement Class; Persons who have settled with and released Defendants from individual claims substantially similar to those alleged in this matter; and the officers, directors and employees of any entity which is or has been a Defendant, members of the immediate families of the foregoing, and their legal representatives, heirs, successors and assigns; the officers, directors and employees of any Defendant, or parent, subsidiary or affiliate of any of the Defendants or any business entity in which any of the Defendants owns a controlling interest, together with those individuals' immediate family members, as well as counsel for Defendants and their immediate family members.

2. Having preliminarily certified a Settlement Class and appointed class counsel by Order dated April 17, 2014, the Court now grants final approval to the Settlement Class as

---

[1] A copy of the fully executed Stipulation of Settlement and Release between Plaintiff and Defendants was previously filed with Plaintiff's Motion for Preliminary Approval as Exhibit 2 to the Declaration of Jonathan Auerbach (Docket No. 44-3).

1  defined above, finally approves the appointment of Barbara Fafard as the representative for the
2  Settlement Class and finally designates and appoints Kershaw, Cutter & Ratinoff and Marcus
3  Auerbach as counsel for the Settlement Class ("Class Counsel").

4      3.    The Court finds that that the distribution of Notice of the Class Action Settlement
5  as provided by the Settlement Agreement, and as ordered by this Court upon preliminary
6  approval, constitutes the best notice practicable under the circumstances and fully meets the
7  requirements of due process.

8      4.    The Court finds that the Settlement represents a 100% recovery for the class
9  obligating Defendant to provide class members with 1) iTunes account credits for all Credited
10 Gift Cards; 2) iTunes account credits for all Identified Gift Cards; 3) assure all Reactivated Gift
11 Cards have been reactivated as of November 14, 2013; 4) honor all Qualified Verified Valid
12 Receipts; 5) pay $5,000 as an Incentive Award to Barbara Fafard as Representative Plaintiff; 6)
13 pay $750,000 inclusive of Attorneys Fees, Costs and Expenses to Class Counsel; pay for costs of
14 Class Notice and Settlement Administration, all as set forth in greater detail in the Stipulation of
15 Settlement and Release, agreed to by the parties is fair, adequate and reasonable.

16     5.    The Court further finds that after notice, and an opportunity to object and/or opt
17 out of the settlement, no Class Member has objected to the Settlement.  The Court also finds that
18 not a single class member has opted out of the proposed settlement after notice and an
19 opportunity to do so. Accordingly, the Court finds that the class members have been treated fairly
20 and equally and that the class as a whole views the Settlement favorably.

21     6.    The Court also finds that Settlement followed a lengthy period of an arms-length
22 negotiations and is not the product of fraud or overreaching by, or collusion between, the parties
23 to this litigation. After considering the Defendant's exposure, the Plaintiff's likelihood of success
24 on their claims, the risks, expense and delays associated with difficult litigation, the Court finds
25 that the Settlement is fair, reasonable, adequate and in the best interests of the Class.  The
26 Settlement comports fully with the requirements of Rule 23 of the Federal Rules of Civil
27 Procedure.  Accordingly, the Court hereby grants final approval of the Settlement and all of the
28

1  terms of the Settlement Agreement. Plaintiff and Defendant are ordered to carry out the
2  Settlement according to the terms of the Settlement Agreement.

3        7. Class Counsel have jointly moved for an award of attorneys' fees unopposed by
4  Defendants, inclusive of costs and expenses equal to $750,000. The Court finds that Class
5  Counsel have skillfully advanced the case on a contingent basis for more than two years, and that
6  their efforts will result in a benefit to the Class equal to a 100% recovery of available damages.
7  No class member has objected to the proposed fee award. The requested attorneys' fees are
8  reasonable under the circumstances and are hereby awarded in the amount requested.

9        8. The attorneys' fees and expense awards noted in the preceding Paragraphs shall be
10 paid to Class Counsel. Upon payment to Class Counsel the Released Parties, the Released Parties
11 Counsel, and the Claims Administrator shall have no further liability or responsibility to Class
12 Counsel, the Representative Plaintiff or any vendors or third parties employed by Plaintiff or
13 Class Counsel for attorneys fees, expenses, and/or costs incurred by Class Counsel on behalf of
14 Plaintiff in this Action.

15       9. Plaintiff has also moved for an incentive award of $5,000 to Representative
16 Plaintiff Barbara Fafard. The active involvement of the named plaintiff and her service to the
17 Class justifies the request for this enhanced award, which is fair and reasonable. No Class
18 Member has objected to the proposed incentive award and the payment is not in conflict with the
19 interests of the Class. Accordingly, the Court grants the named Plaintiff's request for an incentive
20 award of $5,000.

21       10. The Settlement Agreement is not a concession or admission, and shall not be used
22 against any of the Released Parties as an admission or indication with respect to any claim of any
23 fault or omission by any of the Released Parties.

24       11. The Stipulation of Settlement and Release provides for a release of settled claims.
25 That release – as defined in the Stipulation of Settlement – is valid and binding and is
26 specifically adopted and made a part of this order.

27       12. This action is dismissed with prejudice, and all members of the Settlement Class
28 who did not timely and adequately opt-out of the Settlement are permanently banned from

prosecuting against any of the Released Parties class claims that were or could have been asserted in this action and which are released pursuant to the release provisions in the Stipulation of Settlement and Release.

IT IS SO ORDERED.

Dated: _____June 12___, 2014

_____
Hon. Claudia Wilken, C.J.
United States District Judge