1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

William A. Kershaw (State Bar No. 057486)
Stuart C. Talley (State Bar No. 180374)
Lyle W. Cook (State Bar No. 148914)
**KERSHAW, CUTTER, & RATINOFF LLP**
401 Watt Avenue
Sacramento, CA 95864
Telephone: (916) 448-9800
Facsimile:  (916) 669-4499

*Attorneys for Plaintiff*

Jonathan Auerbach
Jerome M. Marcus
Steven G. Tyson
**MARCUS & AUERBACH LLC**
101 Greenwood Avenue, Ste. 310
Jenkintown, PA 19046
Telephone:  (215) 885-2250
Facsimile:  (888) 875-0469

*Attorneys for Plaintiff, pro hac vice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BARBARA FAFARD, Individually and
on behalf of all others similarly situated,

Plaintiff,

vs.

APPLE INC.; BEST BUY CO., INC.;
and INCOMM HOLDINGS, INC.,

Defendant.

Case No. 4:12-CV-05125-CW

**[PROPOSED] ORDER GRANTING
MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT,
AWARDING ATTORNEYS' FEES,
LITIGATION EXPENSES, AND
INCENTIVE AWARDS**

Date: June 12, 2014
Time: 2:00 p.m.

Courtroom 2, 4th Floor
The Honorable Claudia Wilken

1    On June 12, 2014 at 10:00 a.m., the Court heard Plaintiff's unopposed Motion for Final

2  Approval of Class Action Settlement, Award of Attorneys' Fees, Reimbursement of Costs and

3  Service Award for Representative Plaintiff.  The motion for final approval was preceded by a

4  motion for preliminary approval, which was submitted to the Court for review and approval on

5  April 3, 2014, with preliminary approval having been granted by order dated April 17, 2014

6  (Docket No. 52).

7    After considering Plaintiff's Motion for Final Approval, the Settlement Agreement, the

8  record and proceedings herein, the Court finds, concludes, and hereby orders as follows:

9    1.    For the purposes of this Order, the Court adopts all defined terms as set forth in the

10  Settlement Agreement, previously filed with this Court on April 3, 2014[1]   This includes the

11  following definition of the Settlement Class:

> All residents in the United States who currently have iTunes gift
> cards that were: (i) purchased from Best Buy stores between
> September 1, 2007 and December 31, 2009; (ii) deactivated
> between August 1 and October 31, 2010; and (iii) not redeemed by
> the cardholder.
>
> Excluded from the Settlement Class are:  Persons who validly and
> timely exclude themselves from the Settlement Class; Persons who
> have settled with and released Defendants from individual claims
> substantially similar to those alleged in this matter; and the
> officers, directors and employees of any entity which is or has been
> a Defendant, members of the immediate families of the foregoing,
> and their legal representatives, heirs, successors and assigns; the
> officers, directors and employees of any Defendant, or parent,
> subsidiary or affiliate of any of the Defendants or any business
> entity in which any of the Defendants owns a controlling interest,
> together with those individuals' immediate family members, as
> well as counsel for Defendants and their immediate family
> members.

24    2.    Having preliminarily certified a Settlement Class and appointed class counsel by

25  Order dated April 17, 2014, the Court now grants final approval to the Settlement Class as

---

[1]   A copy of the fully executed Stipulation of Settlement and Release between Plaintiff and
Defendants was previously filed with Plaintiff's Motion for Preliminary Approval as Exhibit 2 to
the Declaration of Jonathan Auerbach (Docket No. 44-3).

1 defined above, finally approves the appointment of Barbara Fafard as the representative for the

2 Settlement Class and finally designates and appoints Kershaw, Cutter & Ratinoff and Marcus

3 Auerbach as counsel for the Settlement Class ("Class Counsel").

4      3.     The Court finds that that the distribution of Notice of the Class Action Settlement

5 as provided by the Settlement Agreement, and as ordered by this Court upon preliminary

6 approval, constitutes the best notice practicable under the circumstances and fully meets the

7 requirements of due process.

8      4.     The Court finds that the Settlement represents a 100% recovery for the class

9 obligating Defendant to provide class members with 1) iTunes account credits for all Credited

10 Gift Cards; 2) iTunes account credits for all Identified Gift Cards; 3) assure all Reactivated Gift

11 Cards have been reactivated as of November 14, 2013; 4) honor all Qualified Verified Valid

12 Receipts; 5) pay $5,000 as an Incentive Award to Barbara Fafard as Representative Plaintiff; 6)

13 pay $750,000 inclusive of Attorneys Fees, Costs and Expenses to Class Counsel; pay for costs of

14 Class Notice and Settlement Administration, all as set forth in greater detail in the Stipulation of

15 Settlement and Release, agreed to by the parties is fair, adequate and reasonable.

16      5.     The Court further finds that after notice, and an opportunity to object and/or opt

17 out of the settlement, no Class Member has objected to the Settlement.  The Court also finds that

18 not a single class member has opted out of the proposed settlement after notice and an

19 opportunity to do so. Accordingly, the Court finds that the class members have been treated fairly

20 and equally and that the class as a whole views the Settlement favorably.

21      6.     The Court also finds that Settlement followed a lengthy period of an arms-length

22 negotiations and is not the product of fraud or overreaching by, or collusion between, the parties

23 to this litigation.  After considering the Defendant's exposure, the Plaintiff's likelihood of success

24 on their claims, the risks, expense and delays associated with difficult litigation, the Court finds

25 that the Settlement is fair, reasonable, adequate and in the best interests of the Class.   The

26 Settlement comports fully with the requirements of Rule 23 of the Federal Rules of Civil

27 Procedure.  Accordingly, the Court hereby grants final approval of the Settlement and all of the

28

Case No. 4:12-CV-05125 CW

[PROPOSED] ORDER GRANTING MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1    terms of the Settlement Agreement.   Plaintiff and Defendant are ordered to carry out the

2    Settlement according to the terms of the Settlement Agreement.

3         7.    Class Counsel have jointly moved for an award of attorneys' fees unopposed by

4    Defendants, inclusive of costs and expenses equal to $750,000.   The Court finds that Class

5    Counsel have skillfully advanced the case on a contingent basis for more than two years, and that

6    their efforts will result in a benefit to the Class equal to a 100% recovery of available damages.

7    No class member has objected to the proposed fee award.   The requested attorneys' fees are

8    reasonable under the circumstances and are hereby awarded in the amount requested.

9         8.    The attorneys' fees and expense awards noted in the preceding Paragraphs shall be

10   paid to Class Counsel.  Upon payment to Class Counsel the Released Parties, the Released Parties

11   Counsel, and the Claims Administrator shall have no further liability or responsibility to Class

12   Counsel, the Representative Plaintiff or any vendors or third parties employed by Plaintiff or

13   Class Counsel for attorneys fees, expenses, and/or costs incurred by Class Counsel on behalf of

14   Plaintiff in this Action.

15        9.    Plaintiff has also moved for an incentive award of $5,000 to Representative

16   Plaintiff Barbara Fafard.  The active involvement of the named plaintiff and her service to the

17   Class justifies the request for this enhanced award, which is fair and reasonable.   No Class

18   Member has objected to the proposed incentive award and the payment is not in conflict with the

19   interests of the Class.  Accordingly, the Court grants the named Plaintiff's request for an incentive

20   award of $5,000.

21        10.   The Settlement Agreement is not a concession or admission, and shall not be used

22   against any of the Released Parties as an admission or indication with respect to any claim of any

23   fault or omission by any of the Released Parties.

24        11.   The Stipulation of Settlement and Release provides for a release of settled claims.

25   That release – as defined in the Stipulation of Settlement – is valid and binding and is

26   specifically adopted and made a part of this order.

27        12.   This action is dismissed with prejudice, and all members of the Settlement Class

28   who did not timely and adequately opt-out of the Settlement are permanently banned from

Case No. 4:12-CV-05125 CW

[PROPOSED] ORDER GRANTING MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1   prosecuting against any of the Released Parties class claims that were or could have been asserted

2   in this action and which are released pursuant to the release provisions in the Stipulation of

3   Settlement and Release.

4        IT IS SO ORDERED.

5   Dated: _____June 12___, 2014

6

7                                                    Hon. Claudia Wilken, C.J.
                                                     United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-                                    [PROPOSED] ORDER GRANTING MOTION FOR
Case No. 4:12-CV-05125 CW                          FINAL APPROVAL OF CLASS ACTION SETTLEMENT